UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 2:19-CR-166 |
| | ) |
| KEVIN EUGENE MITCHELL | ) |

**MEMORANDUM AND ORDER**

The defendant pled guilty to being a felon in possession of a firearm. The probation office has prepared and disclosed the Presentence Investigation Report ("PSR") [doc. 25], to which the defendant has filed two objections. [Doc. 29]. The United States has responded in opposition, and the probation office has issued its PSR Addendum. [Docs. 30, 31].

The Court finds that no evidentiary hearing is needed to resolve the defendant's objections. For the reasons that follow, the defendant's first objection will be overruled and his second objection will be overruled as moot.

I.

*Background*

The plea agreement in this case, signed by the defendant and his attorney, provides in material part,

> On January 18, 2019, Tennessee Highway Patrol Trooper Greg Marlowe conducted a traffic stop after his cruiser's tag reader alerted him that the tag on the vehicle defendant was driving came back as a stolen tag. Before defendant stopped his car, Trooper Marlowe observed defendant throw a semiautomatic .25 caliber pistol out of the passenger window of the slowing car. After Trooper Marlowe made contact with defendant, Trooper Marlowe

noticed that defendant looked and acted impaired. He asked defendant to exit the vehicle and conducted a pat down of defendant for officer safety. When he did, he located a small tube that contained 1½ Xanax pills and ½ of a Suboxone pill, a knife, and a torch lighter. Due to his training and experience, Trooper Marlowe recognized that a torch lighter was a common item of drug paraphernalia and asked defendant what he was melting, crack or meth. Defendant replied that he had some meth in a bag in the vehicle. Trooper Marlowe then asked what defendant threw out of the vehicle, and defendant stated that the object he had thrown out of the window was a gun. Trooper Marlowe then asked defendant whether he was buying or selling meth, and defendant responded that he was an addict. . . .

. . .

While still at the scene, Trooper Marlowe recovered the pistol, two magazines, and 19 live rounds of Winchester ammunition. The pistol was loaded, as defendant had described, but no round was chambered.

[Doc. 19, p. 3-4].

The PSR incorporates the plea agreement's agreed factual basis and adds a further paragraph of offense conduct "obtained from the United States Attorney's Office and from an Affidavit of Complaint filed in Carter County General Sessions Court[.]" [Doc. 25, ¶ 12]. That additional paragraph provides,

After the defendant was arrested, he submitted to a blood test. The results were positive for the presence of amphetamine, methamphetamine, and benzodiazepines. In addition to the items noted in the factual basis, the law enforcement officer discovered 4.6 grams of methamphetamine, digital scales, five baggies, a cut straw, and a spoon with white residue in a Crown Royal bag located in the center console of the vehicle. The officer discovered $200 in the vehicle and $600 in the defendant's wallet. The defendant informed the officer he obtained the money "because of his drug addiction." Further investigation revealed two $100 bills in the defendant's possession were counterfeit.

*Id.* PSR paragraphs 72 through 75 set forth the defendant's lengthy history of substance abuse. [*Id.*, ¶¶ 72-75]. Additionally, PSR paragraphs 77 and 78 indicate that the defendant

2

has a sporadic work history and had not been employed since November 19, 2018. [*Id.*, ¶¶ 77, 78].[1]

The PSR sets a base offense level of 14, pursuant to United States Sentencing Commission Guidelines Manual ("U.S.S.G.") § 2K2.1(a)(6)(A). It then increases the offense level by four, pursuant to U.S.S.G. § 2K2.1(b)(6)(B), for possessing any firearm or ammunition in connection with another felony offense, specifically the possession of methamphetamine with intent to distribute. That four-level increase is the subject of the defendant's first objection.

II.

*Objection One*

Guideline 2K2.1(b)(6)(B) applies to felon in possession offenses "[if] the defendant used or possessed any firearm or ammunition in connection with another felony offense . . . ." That guideline should be applied "if the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense . . . ." U.S.S.G. § 2K2.1 cmt. n.14(A). "'Another felony offense', for purposes of subsection (b)(6)(B), means any federal, state, or local offense . . . punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained." U.S.S.G. § 2K2.1 cmt. n.14(C). The United States bears the burden of proving contested sentencing facts by

---

[1] PSR paragraphs 12, 72, 73, 74, 75, 77, and 78 have not been objected to by the defense. As such, the information contained therein is conclusively accepted by the court as findings of fact. *See* Fed. R. Crim. P. 32(i)(3)(A).

3

a preponderance of the evidence. *See United States v. Silverman*, 889 F.2d 1531, 1535 (6th Cir. 1989).

The defendant objects that § 2K2.1(b)(6)(B) should not be applied in this case because he was not engaged in "another felony offense" such as the possession of methamphetamine with the intent to distribute. He argues that he is an addict and that all drugs and paraphernalia found in his vehicle were for personal use.

Having considered the parties' arguments along with the pertinent legal authorities, the Court finds that, at the time of his arrest:

1. The defendant was addicted to controlled substances.

2. The defendant possessed a loaded firearm in the driver's seat of his vehicle.

3. The contents of the front center console of the defendant's vehicle included 4.6 grams of methamphetamine, digital scales, and five baggies.

4. The defendant possessed $800.00 even though he had not been employed for two months.

Thus, in this case the defendant was admittedly the driver and sole occupant of a vehicle containing a distribution quantity of methamphetamine almost high enough to trigger a five-year mandatory minimum sentence under federal law. *See* 21 U.S.C. § 841(b)(1)(B). Materials instrumental to the sale of drugs—digital scales and five baggies—were also found adjacent to the driver's seat, where the defendant sat in possession of a loaded semiautomatic firearm. The defendant was in possession of $800.00 which by all accounts was not acquired through gainful employment.

The Court finds by a preponderance of the evidence that the defendant possessed a loaded firearm in connection with the felony crime of possession of methamphetamine with the intent to distribute. The defendant was in the driver's seat with a loaded firearm. A distribution quantity of methamphetamine, tools of the trade, and apparent drug proceeds were within arms' reach. The firearm would have facilitated the defendant's drug trafficking by protecting and emboldening it. *See United States v. Ennenga*, 263 F.3d 499, 503 (6th Cir. 2001) (citation omitted) (application of subsection (b)(6)(B) warranted where the gun would have "had some emboldening role in defendant's felonious conduct"). Proximity of, and easy access to, a firearm indicates that the firearm was used to facilitate the felony by protecting and emboldening it. *See, e.g., United States v. Angel*, 576 F.3d 318, 321 (6th Cir. 2009).

The Court reaches this conclusion even though the defendant is an addict, as the great majority of drug distribution defendants who come before this Court are similarly addicted. Additionally, the Court's ruling is unaffected by the fact that the defendant was not actually charged with drug distribution. Again, "'[a]nother felony offense', for purposes of subsection (b)(6)(B), means any federal, state, or local offense . . . punishable by imprisonment for a term exceeding one year, *regardless of whether a criminal charge was brought, or a conviction obtained*." U.S.S.G. § 2K2.1 cmt. n.14(C) (emphasis added); *see also United States v. Vaughn*, 781 F. App'x 444, 446 (6th Cir. 2019) (upholding application of § 2K2.1(b)(6)(B) where Vaughn possessed a lesser quantity of methamphetamine than the instant defendant, along with baggies and digital scales, even though Vaughn's drug trafficking offense was uncharged).

5

The defendant's first objection will accordingly be overruled.

### III.

*Objection Two*

By his second objection, the defendant presents additional information pertaining to his physical health. That information has been incorporated into the PSR Addendum. As such, the defendant's second objection will be overruled as moot.

### IV.

*Conclusion*

For the reasons provided herein, the defendant's first objection [doc. 29] to his PSR is **OVERRULED** and his second objection [doc. 29] to his PSR is **OVERRULED AS MOOT**. For now, sentencing remains set for **Thursday, August 20, 2020, at 10:15 a.m.** in Greeneville.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge